Case 04-11065   Filed 08/18/06   Doc 3158

POSTED ON WEB SITE

FILED
AUG 18 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re

Waterman Industries, Inc.,

      Debtor.

Case No. 04-11065-B-11

DC No. WLG-180

**MEMORANDUM DECISION REGARDING OBJECTION
TO CLAIM OF GEORGE CLEAVER**

Riley C. Walter, Esq., of the Walter Law Group, appeared on behalf of the debtor Waterman Industries, Inc. (the "Debtor").

George R. Cleaver appeared *pro se*.

      The Debtor objects to the priority claim of George R. Cleaver. The parties disagree as to the amount and classification of Mr. Cleaver's claim which appears to be based on unpaid wages, accrued vacation, alleged violation of state and federal labor laws, and reimbursement of expenses. For the reasons set forth below, the Debtor's objection will be sustained; Mr. Cleaver's claim will be allowed as set forth in the objection.

      This Memorandum Decision contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 502 & 507.[1] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1)(B).

**Background.**

      The Debtor filed for relief under chapter 11 on February 10, 2004. Prior to filing, the Debtor was engaged in the business of manufacturing water control

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

gates, valves and related equipment. George Cleaver, a journeyman machinist, had been employed by the Debtor since 1975.

Prior to commencement of the case, Wells Fargo Bank swept the Debtor's bank accounts and applied the cash to the Debtor's delinquent loans. This deprived the Debtor of operating capital and resulted in many payroll checks being dishonored by the bank. The Debtor was unable to pay its employees for the last pre-petition payroll, and virtually all of Debtor's workers were laid off shortly before the commencement of this case. Some of the employees were subsequently rehired by the debtor-in-possession to continue the Debtor's business activities. Others, including Mr. Cleaver, were not.

In its schedules, the Debtor attempted to list the amounts owed to former employees based upon its books and records. Mr. Cleaver was listed in the amended schedules as having a claim in the amount of $1,599.54, of which $452.70 was classified as "priority" under one or more subparts to § 507(a) of the Bankruptcy Code.

Mr. Cleaver filed two proofs of claim. Claim #82 was filed on March 9, 2004. It asserts a priority claim under subsections 507(a)(3) and (a)(4), but it did not specify any amount owed. Proof of claim #172, filed on April 20, 2004, asserts a claim for "wages, salaries and compensation" in the amount of $6,462.56. The claim was filed as a "priority" claim, and it does not state which subpart of § 503(a) the claim is based on. The court will deem claim #172 to supersede and replace claim #82. Neither claim was supported by any documentation.

**The Claim Objection.**

The Debtor confirmed its chapter 11 plan of reorganization on December 13, 2005. The plan appointed Clifford E. Bressler to serve as the reorganized Debtor's general manager. On March 21, 2006, the Debtor filed an objection to Mr. Cleaver's claim (the "Objection"). The Objection was supported by a declaration from Mr. Bressler, based on his review of the Debtor's books and

records, stating that the Debtor owed Mr. Cleaver for unpaid wages in the amount of $482.88 and accrued vacation time in the amount of $1,116.66. Based on his analysis, Mr. Bressler stated that all of the wages plus a portion of the accrued vacation ($452.76) qualified for "priority" treatment under § 507(a)(3). The Debtor prayed that Mr. Cleaver be allowed a priority claim in the amount of $935.64 and a general unsecured claim in the amount of $663.90.

Mr. Cleaver responded to the Objection with a letter that again amended and restated his claim, breaking it into five categories as follows (the "Amended Claim"):

| | | |
|---|---|---|
| (1) | Last week of wages | $ 482.88 |
| (2) | Unused 2003-04 vacation | 1,116.66 |
| (3) | Unused 2002-03 vacation | 603.60 |
| (4) | Code violation fees (30 days @ 120.72) | 3,621.60 |
| (5) | Safety glasses | 129.00 |
| | Total | $5,953.74 |

With regard to categories 1 and 2, Mr. Cleaver's numbers correspond exactly with Mr. Bressler's and give further support for the Objection. There is no evidence or authority to suggest that categories 3, 4, and 5 of Mr. Cleaver's Amended Claim would be entitled to priority treatment under § 507. The issue then is whether categories 3, 4 and 5 of the Amended Claim should be allowed and included in Mr. Cleaver's general unsecured claim.

**Conclusions of Law.**

**Applicable Law.**

A proof of claim is deemed allowed unless a party in interest objects under § 502(a) and constitutes "prima facie evidence of the validity and amount of the claim" pursuant to Federal Rule of Bankruptcy Procedure 3001(f). See also Fed. R. Bankr.P. 3007. The filing of an objection to a proof of claim "creates a dispute which is a contested matter" within the meaning of Fed.R.Bankr.P. 9014 and must be resolved after notice and opportunity for hearing. See Adv. Comm. Notes to Fed. R. Bankr.P. 9014.

Upon an objection, the proof of claim provides "*some evidence as to its validity and amount*" and is "*strong enough to carry over a mere formal objection without more.*" *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, *Collier on Bankruptcy* § 502.02, at 502-22 (15th ed.1991) (footnotes omitted) (emphasis added)); see also *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortg.)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151, 1996 WL 393533 (9th Cir.1996). To defeat the claim, the objector must come forward with sufficient evidence and "show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." *In re Holm*, 931 F.2d at 623.

"If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consolidated Pioneer Mortg.*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) (citations omitted). The ultimate burden of persuasion remains at all times upon the claimant. *See In re Holm*, 931 F.2d at 623.

**Analysis of the Claim.**

The Bankruptcy Code provides that "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual" within 90 days before the date of the filing of the bankruptcy petition or the cessation of the debtor's business, whichever occurs first, are entitled to priority status. § 507(a)(3). The Debtor in this case did not cease doing business. Therefore, the pertinent time frame for claims under § 507(a)(3) is the 90 days preceding the filing of the bankruptcy petition.

Mr. Cleaver contends that the Debtor owes him $5,953.74 for unpaid wages, vacation, safety glasses, and various labor code violations. As stated above, Mr. Bressler and Mr. Cleaver do not disagree as to the unpaid wages and the unused 2003-04 vacation (categories 1 and 2 of the Amended Claim). There is

no evidence to suggest that Mr. Bressler's classification of these items is incorrect. Therefore, the court finds and concludes that Mr. Cleaver is entitled to a priority claim in the amount of $935.64 and a general unsecured claim in the amount of $663.90 based on pre-petition wages and unused vacation for years 2003-04.

In category 3 of the Amended Claim, Mr. Cleaver requests $603.60 for 40 hours of unused vacation from 2002-03. This claim falls outside of the "priority" period prescribed in § 507(a)(3). However, this claim also contradicts and is rebutted by Bressler's declaration, which makes no reference to 2002-03 vacation being reflected in the Debtor's books and records. Mr. Cleaver had the burden of proof to show that he is entitled to this compensation. Absent such proof, it cannot be allowed even as an unsecured claim.

Category 4 of the Amended Claim is based, without specifics, on alleged violations of the California State Labor Code, the WARN Act, and breach of a collective bargaining agreement. The Debtor responds that (1) the record does not support a claim under the WARN Act, and (2) the Union contract was rejected by order of this court on February 14, 2005, without the filing of a timely claim. The Debtor's objections are well taken. Federal Rule of Bankruptcy Procedure requires that a creditor's claim must be "set forth" in a written statement. The basis for category 4 of the Amended Claim is not set forth with sufficient specificity to constitute even a prima facie claim.

The court also notes that the category 4 issues were first raised in the Amended Claim filed on May 3, 2006. The bar date for filing new claims in this bankruptcy case was fixed in the original Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines, to be June 10, 2004. The court cannot find that new allegations based on alleged violations of various labor codes and a collective bargaining agreement relate back to the "wages, salaries, and compensation" claim set forth in the two proofs of claim, #82 and # 172, that were timely filed. The amounts set forth in Mr. Bressler's declaration, based on unpaid

wages and accrued vacation, were derived directly from the Debtor's books and records. The subsequent allegations of "labor code and Union contract" violations are not so easily verified and would require some outside adjudication from a different court or administrative body before the claims could be allowed for payment. Based thereon, the court cannot find that the claim set forth in category 4 of the Amended Claim was timely filed, or that it can be allowed.

Finally, Mr. Cleaver seeks reimbursement for "safety glasses," which he personally purchased on February 2, 2004, in the amount of $129. Again, this addition through the Amended Claim was untimely. Based on Mr. Bressler's declaration, this item was not reflected in the Debtor's books and records. Mr. Cleaver offers no supporting information as to what the safety glasses were for, why he was required to purchase his own safety equipment (as opposed to being supplied by the Debtor), or why he is entitled to be reimbursed for this purchase. Accordingly, the claim for "safety glasses" cannot be allowed.

**Conclusion.**

Based on the foregoing, the court finds and concludes that the Debtor's objection to Mr. Cleaver's proof of claim #172 shall be sustained. Mr. Cleaver is entitled to a priority claim in the amount of $935.64 and an unsecured claim in the amount of $663.90, which shall be paid according to the chapter 11 plan.

DATED: August _18_, 2006

W. Richard Lee
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Waterman Industries, Inc.
PO Box 3257
Clovis, CA 93613

Riley C. Walter
7110 N Fresno St #400
Fresno, CA 93720

04-11065-B-11
Waterman Industries, Inc.

Office of the U.S. Trustee
2500 Tulare St #1401
Fresno, CA 93721

George R. Cleaver
551 N Balmayne Way
Porterville, CA 93257

Waterman Industries, Inc.
PO Box 458
Exeter, CA 93221

DATED: August 18, 2006         By: _____
                                    Deputy Clerk

EDC 3-070 (New 4/21/00)